UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAMIR DURMIC,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM INSURANCE CO.,<br><br>    Defendant. | CIVIL ACTION NO.<br><br>1:18-CV-5892-JPB |

## ORDER

This matter came before the Court on State Farm Mutual Automobile Insurance Company's ("Defendant") Motion to Dismiss [Doc. 5]. This Court finds as follows:

## BACKGROUND

On December 27, 2018, Damir Durmic ("Plaintiff"), appearing pro se, filed a Complaint against Defendant. [Doc. 1]. Plaintiff, who has five different insurance policies with Defendant, alleges that Defendant failed to offer a fair and reasonable settlement for injuries Plaintiff's son suffered in a car accident. Id. at 1–2. Defendant moved to dismiss the action on January 29, 2019. [Doc. 5]. In the Motion to Dismiss, Defendant facially attacks Plaintiff's Complaint arguing that the Complaint does not sufficiently allege subject matter jurisdiction, personal jurisdiction or venue. Id. at 3. Defendant also argues that Plaintiff fails to state a claim. Id.

ANALYSIS

**A. Preliminary Matters**

As initial matters, the Court must address the timing of Defendant's Motion to Dismiss and the entity incorrectly named as the legal defendant in this case.

    i.    <u>Time for Filing a Responsive Pleading</u>

Plaintiff served Defendant on January 4, 2019, and under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant's deadline to file an answer was January 25, 2019. Instead of filing an answer, Defendant filed its Federal Rule of Civil Procedure 12(b) Motion to Dismiss on January 29, 2019—four days after the answer was due.[1]

When a party must act within a specified time, "the court may, for good cause, extend the time [to act] . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Neglect includes "late filings caused by inadvertence, mistake, or carelessness, as well as

---

[1] A circuit split exists regarding whether the Rule 12(a) 21-day time limit to answer a complaint also applies to Rule 12(b) motions. <u>Compare</u> <u>Bechtel v. Liberty Nat'l. Bank</u>, 534 F.2d 1335, 1341 (9th Cir. 1976), <u>with</u> <u>Farmers Elevator Mut. Ins. Co. v. Carl J. Austad & Sons, Inc.</u>, 343 F.2d 7, 12 (8th Cir. 1965). The Eleventh Circuit Court of Appeals has never directly held that Rule 12(b) motions filed after the 21-day time limit to file an answer are untimely. However, in <u>Fisher v. Office of State Attorney 13th Judicial Circuit Florida</u>, two of the defendants failed to timely file an answer and then filed a motion to join a co-defendant's motion to dismiss. 162 F. App'x 937, 939 (11th Cir. 2006). There, the Eleventh Circuit treated the motion to join as a Federal Rule of Civil Procedure Rule 6(b) motion for extension of time to respond "because [the motion] asked the district court to allow the submission of a responsive pleading after the expiration of time for a response." <u>Id.</u> This Court will apply the same Rule 6(b) analysis.

by intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993).  Whether neglect is excusable is an equitable determination that considers all of the "relevant circumstances surrounding the party's omission." Id. at 395.  Relevant circumstances that courts should consider include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

After reviewing the Motion and applying the factors above, this Court finds that good cause exists for extending Defendant's time to file a responsive pleading. The Court will, therefore, proceed with analyzing the merits of Defendant's Motion to Dismiss.

    ii.    <u>Incorrect Entity Named as Defendant</u>

Defendant begins its Motion to Dismiss by briefly arguing that any judgment in this case would be "a nullity" because the entity named in the case-style does not exist. [Doc. 5, p. 3].  Defendant argues that Plaintiff named the wrong entity because he named State Farm Insurance Company instead of State Farm Mutual Automobile Insurance Company in the case-style. Id.

Under Federal Rule of Civil Procedure 21, "the court may at any time, on

3

just terms, add or drop a party." The Eleventh Circuit has stated that the standard for adding new parties under Rule 21 is the same as the standard for amending a complaint under Rule 15(a). Loggerhead Turtle v. Cty. Council of Volusia Cty., 148 F.3d 1231, 1255 (11th Cir. 1998). Accordingly, a trial court should not deny leave to add or drop a party without a justifying reason, such as undue delay, bad faith, prejudice to the opposing party or futility. Foman v. Davis, 371 U.S. 178, 182 (1962).

Although Plaintiff names State Farm Insurance Company in the case-style, in the body of the Complaint, Plaintiff identifies State Farm Mutual Automobile Insurance Company as the company with which he has five insurance policies. [Doc. 1, p. 1]. Plaintiff also properly served the correct legal entity—State Farm Mutual Automobile Insurance Company—which responded by filing this Motion. [Docs. 4, 5]. Plaintiff's clerical error does not appear to be motivated by bad faith, and a corrective amendment would not be futile. Additionally, an amendment would not cause undue prejudice to Defendant because the correct legal entity was properly served and responded to the Complaint. Therefore, this Court finds Plaintiff should freely be given leave to amend his Complaint by substituting State Farm Insurance Company with State Farm Mutual Automobile Insurance Company as the proper legal defendant.

B. **Motion to Dismiss**

At the outset, this Court recognizes that Plaintiff is pro se, and therefore the Court has an obligation to construe his pleadings liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). This liberal construction does not allow the Court to act as de facto counsel or rewrite otherwise deficient pleadings for a pro se litigant. GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). Importantly, however, Federal Rule of Civil Procedure 15(a) "severely restrict[s]" a district court's ability to dismiss complaints without first providing an opportunity to amend. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001); see also Rance v. Winn, 287 F. App'x 840, 841 (11th Cir. 2008).

As already stated above, Defendant raises both facial and substantive arguments in its Motion to Dismiss. These arguments are addressed separately below.

  i.  Facial Arguments:  Failure to Adequately Allege Subject Matter Jurisdiction, Personal Jurisdiction and Venue

A plaintiff bears the initial burden of alleging sufficient facts to make a prima facie showing of subject matter jurisdiction, personal jurisdiction and venue. See Fed. R. Civ. P. 8(a)(1); United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009); Delong Equip. Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988). Importantly, however, defective allegations may be amended, and whether a court should allow a curative amendment is determined

5

according to Rule 15.  See Crooked Creek Props., Inc. v. Ensley, 660 F. App'x 719, 721–22 (11th Cir. 2016); Specialty Surfaces Int'l, Inc. v. Athletic Surfaces Plus, LLC, No. 1:12-CV-1901-CAP, 2013 WL 12101062, at *2 (N.D. Ga. June 26, 2013).  Under Rule 15, "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Furthermore, a trial court should not deny leave to amend "without any justifying reason."  Foman, 371 U.S. at 182.  Such justifying reasons include:  "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  Bryant, 252 F.3d at 1163.  Each facial argument is analyzed separately below.

### a. Subject Matter Jurisdiction

First, Defendant argues that Plaintiff fails to allege a basis for subject matter jurisdiction in the Complaint.  [Doc. 5, p. 3].  District courts have jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States."  28 U.S.C. § 1332(a).  For purposes of establishing diversity, a corporation is deemed a citizen of the state in which it is incorporated and the state in which it maintains its principal place of business.  28 U.S.C. § 1332(c).  A natural person is deemed a citizen where he is domiciled, which "requires [alleging] both residence in a state and 'an intention to remain

6

there indefinitely.'"  Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013) (citation omitted).

Here, Plaintiff does not specifically allege diversity in his Complaint.  He does, however, assert the following:  (1) that he is a resident of Commerce, Georgia; (2) that Defendant is a corporation; and (3) that the alleged injuries resulted in approximately $106,000 in medical expenses.  [Doc. 1, p. 1].  Previously, this Court issued a Show Cause Order directing Plaintiff to show that the complete diversity requirement of 28 U.S.C. § 1332 was satisfied in this case.  [Doc. 14, p. 2].  In response, Plaintiff clarified Defendant's citizenship by stating "[D]efendant is a corporation incorporated in the State of Illinois and has its main headquarters in the same state with the following address:  One State Farm Plaza, Bloomington, IL 61710-0001, USA."  [Doc. 15, p. 2].  This Court is satisfied that it has diversity jurisdiction.

Although Plaintiff did not include all of the above information in his Complaint, Plaintiff's responsive brief indicates that he has the information necessary to sufficiently allege subject matter jurisdiction.  Therefore, amending the Complaint would not be futile.  Plaintiff's error also does not appear to be motivated by bad faith, and a curative amendment would not cause undue prejudice to Defendant.  Consequently, this Court finds Plaintiff should freely be

given leave to amend his Complaint to adequately plead a basis for subject matter jurisdiction.

### b.   Personal Jurisdiction

Second, Defendant argues Plaintiff fails to allege a basis for personal jurisdiction in the Complaint. [Doc. 5, p. 3]. "A federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution." Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002). This two-fold process requires a district court to first examine whether the defendant's activities fall within the state's long-arm statute. Id. The district court then examines whether personal jurisdiction over the defendant comports with the Fourteenth Amendment's due process requirements. Id.

Georgia's long-arm statute allows a court to exercise personal jurisdiction over a defendant if the defendant "[t]ransacts any business within this state." O.C.G.A. § 9-10-91. The Supreme Court of Georgia has indicated that this provision extends jurisdiction on the basis of transacting business in Georgia if:

> (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.

Pascarelli v. Koehler, 816 S.E.2d 723, 725 (2018).

Similarly, due process under the Fourteenth Amendment "requires that a non-resident defendant have certain minimum contacts with the forum so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." Meier, 288 F.3d at 1274. The minimum contacts analysis depends on whether the defendant's contacts in the state are related or unrelated to the action being litigated. Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291–92 (11th Cir. 2000). If the defendant's contacts in the state are related to the action being litigated, then the minimum contacts requirement is established by showing that "the defendant 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. at 1291 (citation omitted). If the defendant's contacts in the state are not related to the action being litigated, then the minimum contacts requirement is established by showing "continuous and systematic general business contacts between the defendant and the forum state." Id. at 1292. Finally, when analyzing traditional notions of fair play and substantial justice,

> the court looks at: (a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's interest in obtaining convenient and effective relief, (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several States in furthering fundamental substantive social policies.

Meier, 288 F.3d at 1276.

Here, Plaintiff does not specifically allege personal jurisdiction in his Complaint. Plaintiff asserts, however, that: (1) at the time of the car accident, he had five auto insurance policies with Defendant; and (2) after the accident, Defendant offered a settlement under those insurance policies. [Doc. 1, pp. 1–2]. In Plaintiff's responsive briefings, he also asserts the following: (1) the car accident for which Defendant failed to compensate Plaintiff occurred in Gwinnett County, Georgia;[2] (2) Defendant has main offices in Gwinnett County; (3) Defendant is registered to do business in Georgia; and (4) Defendant's annual business registration lists Gwinnett County as the address for Defendant's registered agent. [Doc. 9, pp. 7–8; Doc. 9-1, p. 1].

Although Plaintiff did not include all of the above information in his Complaint, Plaintiff's responsive briefings indicate that he likely has the information necessary to sufficiently allege personal jurisdiction. Therefore, amending the Complaint would not be futile. Plaintiff's error also does not appear to be motivated by bad faith, and a curative amendment would not cause undue prejudice to Defendant. Consequently, this Court finds Plaintiff should freely be given leave to amend his Complaint to adequately plead a basis for personal jurisdiction.

---

[2] The Atlanta division of the U.S. District Court for the Northern District of Georgia includes Gwinnett County.

c.  Venue

Third, Defendant argues that Plaintiff fails to allege a basis for venue in the Complaint. [Doc. 5, p. 3]. Generally, proper venue is determined according to 28 U.S.C. § 1391:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

28 U.S.C. § 1391(b). Entities, whether incorporated or not, are "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). In states that have more than one judicial district a "corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).

Here, Plaintiff does not specifically allege venue in his Complaint. However, as stated above, Plaintiff's responsive briefings include the following allegations: (1) the car accident for which Defendant failed to compensate Plaintiff occurred in Gwinnett County; (2) Defendant has main offices in Gwinnett County; (3) Defendant is registered to do business in Georgia; and (4) Defendant's annual

11

registration lists Gwinnett County as the address for Defendant's registered agent. [Doc. 9, pp. 7–8; Doc. 9-1, p. 1].

Although Plaintiff did not include the above information in his Complaint, Plaintiff's responsive briefings indicate that he likely has the information necessary to sufficiently allege venue. Therefore, amending the Complaint would not be futile. Plaintiff's error also does not appear to be motivated by bad faith, and a curative amendment would not cause undue prejudice to the opposing party. Consequently, this Court finds Plaintiff should freely be given leave to amend his Complaint to adequately plead a basis for venue.

    ii.    <u>Failure to State a Claim</u>

In addition to Defendant's facial attacks, Defendant argues that Plaintiff fails to state a claim under Georgia's Uninsured Motorist Act, O.C.G.A. § 33-7-11. [Doc. 5, pp. 5–6]. In determining whether this action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Id. (citation omitted).  If a complaint fails to state a claim and "a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  Woldeab v. DeKalb Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018) (citation and punctuation omitted).

Georgia courts have indicated that the Uninsured Motorist Act "require[s], as a condition precedent to a suit against the insurance carrier, that the insured first sue *and recover a judgment against* the uninsured motorist, whether known, or unknown."  Harden v. State Farm Mut. Auto. Ins. Co., 339 F. App'x 897, 901 (11th Cir. 2009) (citation and punctuation omitted).  Defendant contends that because Plaintiff has not sued the uninsured motorist responsible for the accident, he has not satisfied the condition precedent required to state a claim against Defendant.  [Doc. 5, p. 6].  This condition precedent, however, "may be waived in certain circumstances 'where the insurer has led the insured to believe that the insured will be paid without suit by its actions in negotiating for settlement or direct promises to pay.'"  Harden, 339 F. App'x at 902 (citation omitted).  To qualify for this exception, a plaintiff must do more than allege that the defendant made a settlement offer.  Id. at 903.  Instead, a plaintiff must allege specific facts that the insurer misled the policyholder, such as:  (1) the insurer led the policyholder to believe that it would pay on the claim without requiring the

policyholder to engage in any legal action against the uninsured motorist; (2) the insurer made "constant or repeated assurances that a lawsuit was unnecessary, and that the insurance provider was ready to settle according to the policyholder's terms"; or (3) the "statements or actions by the insurer caused the policyholder to forfeit the ability to bring suit within the time frame provided by the statute, or to dismiss a pending suit with prejudice." Id. at 902.

Here, Plaintiff does not specifically allege in the Complaint that Defendant's actions in negotiating for settlement led Plaintiff to believe that he would be paid without suit. However, in Plaintiff's responsive brief, he asserts the following: (1) Defendant spent approximately twenty months investigating the accident; (2) the prerequisites do not apply to Plaintiff's case because Defendant accepted liability for the accident and started settlement negotiations; (3) Defendant made multiple settlement offers; (4) Defendant's settlement offers were not fair due to the injuries sustained; (5) Defendant denied Plaintiff's request for an explanation regarding the basis for the settlement offers; and (6) Defendant conducted the case in bad faith. [Doc. 9, pp. 3–4].

To state a claim against Defendant under the condition precedent waiver exception, Plaintiff must specifically allege that Defendant misled him during the settlement process. Although Plaintiff did not include these allegations in his Complaint, Plaintiff's responsive brief indicates he might have the requisite

information to sufficiently state a claim in this case.  Because a more carefully drafted complaint *might* state a claim in this matter, this Court will provide Plaintiff an opportunity to amend his Complaint to add this information, if possible.

## CONCLUSION

For the foregoing reasons, this Court **DENIES** State Farm Mutual Automobile Insurance Company's Motion to Dismiss [Doc. 5] and sua sponte **GRANTS** Plaintiff leave to file an Amended Complaint within twenty-one days of this Order.  The Amended Complaint shall:  (1) name the correct legal defendant (State Farm Mutual Automobile Insurance Company); (2) allege a basis for subject matter jurisdiction, personal jurisdiction and venue; and (3) allege facts necessary to state a claim against Defendant.  Failure to file an Amended Complaint in accordance with this Order will result in dismissal.

**SO ORDERED** this 26th day of November, 2019.

_____
**J. P. BOULEE**
United States District Judge