UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAMIR DURMIC,

                    Plaintiff,

          v.                                          CIVIL ACTION NO.
                                                      1:18-CV-05892-JPB
STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

                    Defendant.

## ORDER

This matter is before the Court on State Farm Automobile Insurance

Company's ("Defendant") Motion for Summary Judgment [Doc. 44].  This Court

finds as follows:

## PROCEDURAL HISTORY

On December 27, 2018, Damir Durmic ("Plaintiff") filed this lawsuit—his

second lawsuit involving the same subject matter—against Defendant seeking to

recover uninsured motorist insurance benefits for injuries his son sustained in a car

accident.  [Doc. 1].  Defendant moved to dismiss Plaintiff's action for failure to

state a claim on January 29, 2019.  [Doc. 5].  The motion was subsequently denied

on November 26, 2019, and Plaintiff was ordered to file an amended complaint to correct various pleading deficiencies.  [Doc. 16].

Plaintiff filed his First Amended Complaint on December 11, 2019.  [Doc. 17].  On June 24, 2020, Defendant filed the instant Motion for Summary Judgment.  [Doc. 44].  In the motion, Defendant argues that it is entitled to summary judgment for four independent reasons:  (1) Plaintiff lacks standing to seek recovery for any damages after his child turned eighteen years old; (2) Plaintiff's claim is barred by the statute of limitations; (3) Plaintiff's claim is barred because Plaintiff failed to first obtain a judgment against the tortfeasor; and (4) Plaintiff failed to show that Defendant acted in bad faith.  Because both the statute of limitations and Plaintiff's failure to obtain a judgment against the tortfeasor bar Plaintiff's claim, they are the only arguments that will be addressed herein.

## BACKGROUND

The Court derives the facts of this case from Defendant's Statement of Material Facts and this Court's review of the record.  As an initial matter, it is important to note that Plaintiff failed to file a response to Defendant's Statement of Material Facts.  The Local Rules of this Court require a respondent to a summary judgment motion to include with its responsive brief "a response to the movant's

statement of undisputed facts." LR 56.1(B)(2)(a), NDGa.  The Local Rules make

clear that the Court

> will deem each of the movant's facts as admitted unless the
> respondent:  (i) directly refutes the movant's fact with concise
> responses supported by specific citations to evidence (including page
> or paragraph number); (ii) states a valid objection to the admissibility
> of the movant's fact; or (iii) points out that the movant's citation does
> not support the movant's fact or that the movant's fact is not material
> or otherwise has failed to comply with the provisions set out in LR
> 56.1(B)(1).

LR 56.1(B)(2)(a)(2), NDGa.

In accordance with the Local Rules, this Court will not consider unsupported

facts or facts raised only in the briefs.  The Court will, however, use its discretion

to consider all facts the Court deems material after reviewing the record.  The facts

of this case, for the purpose of adjudicating the instant motion, are as follows:

On July 5, 2016, Plaintiff's son, who was a passenger in Bailey Rockwell's

vehicle, was seriously injured when Rockwell lost control of the vehicle and hit a

mailbox.  Plaintiff, who had five different insurance policies containing uninsured

motorist coverage with Defendant, promptly made a claim for insurance benefits.

Defendant initially denied Plaintiff's claim after it determined that Rockwell, who

was insured by All State, was solely responsible for the accident.  [Doc. 44-7, p.

15].  Upon further investigation, however, Defendant concluded that an unknown

vehicle may have also contributed to the accident, thus invoking the uninsured motorist coverage.  Id.

In August 2017, Plaintiff and Defendant began settlement negotiations to resolve Plaintiff's claim.  [Doc. 44-2, p. 3].  Specifically, on August 22, 2017, Defendant offered to settle the claim for $142,267.56.  [Doc. 50-3, p. 17].  In December 2017, Defendant increased its offer to $155,000.  Id. at 15.  Defendant increased its offer again on May 4, 2018, to $165,000.  Id. at 12.  Plaintiff rejected the various offers of settlement and even consistently increased the amount of money it would take to settle the claim (from $200,000 to $425,000).  Id. at 1-11. At no time during the settlement negotiations did the parties ever agree on settlement terms.  [Doc. 44-2, p. 5].  Moreover, Defendant never represented to Plaintiff that it would pay uninsured motorist benefits without the necessity of Plaintiff first seeking to recover from the uninsured motorist.  Id.  In fact, on March 22, 2018, Defendant informed Plaintiff that the statute of limitations is two years and that in the event the claim is not settled within this time, Plaintiff would have to file a lawsuit within the period to preserve the claim.  [Doc. 50-3, p. 10].

On June 1, 2018, Plaintiff filed his first lawsuit against Defendant.  [Doc. 44-2, pp. 3-4].  On October 19, 2018, District Judge Amy Totenberg of the United States District Court for the Northern District of Georgia dismissed Plaintiff's first

lawsuit without prejudice for failure to perfect service of process under Federal Rule of Civil Procedure 4. [Doc. 44-5, pp. 2-6]. To date, Plaintiff has never sought to recover a judgment from the driver of the unknown vehicle that contributed to the accident. [Doc. 44-2, p. 5].

## DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A material fact is any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Ultimately, "[t]he basic issue before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Allen, 121 F.3d at 646 (citation omitted).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." Id.  After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts indicating summary judgment is improper because a material issue of fact does exist.  Id.  However, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).  If the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

## B. Failure to Satisfy Condition Precedent

The Court will first address whether Defendant is entitled to summary judgment due to Plaintiff's failure to first obtain a judgment against the uninsured motorist.  Georgia courts have indicated that the Uninsured Motorist Act "require[s], as a condition precedent to a suit against the insurance carrier, that the insured first sue *and recover a judgment against* the uninsured motorist, whether

known, or unknown." <u>Harden v. State Farm Mut. Auto. Ins. Co.</u>, 339 F. App'x 897, 901 (11th Cir. 2009) (citation and punctuation omitted).  Here, it is undisputed that Plaintiff has not obtained a judgment against Rockwell or the unknown driver that contributed to the accident.  In fact, Plaintiff never even attempted to sue either party.

Plaintiff seems to argue that Defendant waived the condition precedent by engaging in settlement discussions.  Plaintiff's argument is unavailing.  While it is true that the condition precedent "may be waived in certain circumstances 'where the insurer has led the insured to believe that the insured will be paid without suit by its actions in negotiating for settlement or direct promises to pay,'" those circumstances are not present here.  <u>Id.</u> at 902 (citation omitted).  To qualify for this exception, a plaintiff must do more than present evidence that the defendant made a settlement offer.  <u>Id.</u> at 903.  For instance, the plaintiff must show that (1) the insurer led the policyholder to believe that it would pay on the claim without requiring the policyholder to engage in any legal action against the uninsured motorist; (2) the insurer made "constant or repeated assurances that a lawsuit was unnecessary, and that the insurance provider was ready to settle according to the policyholder's terms;" or (3) the "statements or actions by the insurer caused the

policyholder to forfeit the ability to bring suit within the time frame provided by the statute, or to dismiss a pending suit with prejudice." Id. at 902.

Here, the uncontroverted facts do not show or even implicitly suggest any wavier of the condition precedent imposed by O.C.G.A. § 33-7-11. The facts in this case merely show that Defendant made several offers to Plaintiff which Plaintiff refused to accept. Plaintiff failed to present any facts to show that Defendant affirmatively or deceptively led Plaintiff into believing that no legal action was necessary against the uninsured motorist. Nor do any facts show that Defendant made constant or repeated assurances that a lawsuit was unnecessary. In fact, shortly before the statute of limitations expired, Defendant warned Plaintiff in a letter that his claim may be waived if he did not file a lawsuit during the applicable statute of limitations. This record is devoid of any evidence "that could even remotely lead one to believe that there was any kind of fraudulent conduct that might require estoppel, or permit a finding of waiver." Id. at 903. Ultimately, because Plaintiff has not satisfied the condition precedent by obtaining a judgment against the uninsured motorist, nor showed that Defendant waived the condition precedent or purposefully misled him, Defendant is entitled to summary judgment on this ground.

## C. Statute of Limitations

This Court will also address whether Plaintiff's claim is barred by the statute of limitations.  In Georgia, "actions for injuries to the person shall be brought within two years after the right of action accrues."  O.C.G.A. § 9-3-33.  For public policy reasons, this two-year limitation period applies to actions against uninsured motorist carriers.  Reid v. U.S. Fid. & Guar. Co., 477 S.E.2d 369, 371 (Ga. Ct. App. 1996).  Georgia's renewal statute, which extends the statute of limitations in some scenarios, provides:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

O.C.G.A. § 9-2-61(a).  The renewal statute is "remedial in nature" and should be construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits.  Hobbs v. Arthur, 444 S.E.2d 322, 323 (Ga. 1994).  The privilege to renew a lawsuit, however, does not apply to cases decided on their merits or to void cases.  Id.  Under Georgia law, "[t]he original suit is void if

service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit." <u>Id.</u>  Moreover, "[a] suit is also void and incapable of renewal . . . if there has been a judicial determination that dismissal is authorized." <u>Id.</u>

In this case, it is undisputed that Plaintiff's first lawsuit, which was brought within the applicable limitations period, was dismissed without prejudice by Judge Totenberg for failure to perfect service of process.  Because there was a judicial determination that dismissal was authorized, Plaintiff's first lawsuit was void. Moreover, the lawsuit was void because Plaintiff never perfected service of process.[1]  Where, as here, the first lawsuit was void, the Georgia renewal statute is inapplicable.

Because the renewal statute does not apply, the only pertinent question before the Court is whether Plaintiff filed the second lawsuit within the two-year statute of limitations.  Since the car accident happened on July 5, 2016, Plaintiff

---

[1] Plaintiff's argument that proper service was unnecessary in the first suit because Defendant received actual notice of the first lawsuit via certified mail and responded to it with a motion to dismiss is without merit.  "[T]here is no authority to dispense with the clear requirements of [the service statute] merely because the defendant may otherwise obtain knowledge of the filing of the action." <u>Bible v. Bible</u>, 383 S.E.2d 108, 110 (1989). <u>See also</u> <u>Campbell v. Coats</u>, 561 S.E.2d 195, 198 (Ga. Ct. App. 2002) (holding that the trial court did not abuse its discretion by dismissing the renewal action based on insufficient service of process in the original action).

had until July 5, 2018, to file suit.  By filing the action on November 27, 2018,

Plaintiff missed the deadline by over four months.  Accordingly, Defendant is

entitled to summary judgment on statute of limitations grounds.  See Roberts v.

Georgia, 228 F. App'x 851, 854 (11th Cir. 2007) (affirming dismissal on statute of

limitations grounds where the plaintiff's first complaint was dismissed for failure

to serve the defendants).

## CONCLUSION

For the foregoing reasons, this Court **HEREBY GRANTS** Defendant's

Motion for Summary Judgment [Doc. 44].[2]  The Clerk is **DIRECTED** to close this

case.

**SO ORDERED** this 17th day of February, 2021.

J. P. BOULEE
United States District Judge

---

[2] Also pending before the Court are two nearly identical motions to compel filed by
Plaintiff [Docs. 39 and 42].  Pursuant to the Standing Order, when a discovery dispute
arises, the parties should first meet and confer in an effort to resolve the dispute.  [Doc.
13, p. 25].  If the dispute cannot be resolved, the parties are required to file "a
Consolidated/Joint Discovery Statement in which the parties describe the dispute and
succinctly summarize their respective positions and the relief requested."  Id.  The
Consolidated/Joint Statement is not to exceed six pages double-spaced.  Id.  Because
Plaintiff failed to provide this Court with a Consolidated Statement consistent with the
requirements detailed in this Court's Standing Order, the motions [Docs. 39 and 42] are
**DENIED**.